IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Wayne John
STATON, Attorney at Law.

Supreme Court

*No. 86–2261–D. Filed May 12, 1987.*

(Also reported in 405 N.W.2d 324.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee recommended that the license of Wayne J. Staton (Staton) to practice law in Wisconsin be suspended for three months as discipline for unprofessional conduct and that he be ordered to pay the costs of this proceeding. The misconduct consisted of Attorney Staton's unauthorized withdrawal of client funds from his trust account, his failure to account for a client's personal property which he held and his failure to promptly deliver that property to the client's estate upon request, his failure to comply with a court order directing him to turn over the client's personal property and his advising a client

with respect to making a bequest to a person unrelated to the client but a friend of Attorney Staton. By this conduct, Attorney Staton violated his duty to the client to hold that client's money and other property in trust and to place the interests of his client above his own; further, he violated his duty to the court in the probate proceeding. The seriousness of Attorney Staton's misconduct warrants the suspension of his license to practice law for a period of three months.

Attorney Staton was admitted to practice law in Wisconsin in 1966 and practices in Madison. He has not previously been the subject of an attorney disciplinary proceeding. The referee is Attorney Linda Balisle.

Pursuant to Attorney Staton's admission of the facts alleged in the complaint of the Board of Attorneys Professional Responsibility, the referee made the following findings of fact. In the course of representing a friend named Krause over a period of many years, Attorney Staton commenced an action against the client's stepson to recover his client's interest in the proceeds from the sale of a home held in joint tenancy with the stepson. Those proceeds had been used to purchase another home, which was titled in the stepson alone, but with the understanding that Krause could reside there without paying rent for the remainder of his life. When Krause's relationship with the stepson deteriorated, Krause moved out of the house and into an apartment building owned by Attorney Staton and in which Attorney Staton also resided. There was no written fee agreement between Attorney Staton and his client for his services in this matter but Attorney Staton contended that he and his client had orally agreed to a one-third contingency fee.

The client recovered a judgment against the stepson in the amount of $17,000 and a check for that amount was delivered to Attorney Staton on June 15, 1982. His client, who was then hospitalized with a terminal illness, endorsed that check, and Attorney Staton deposited it into his trust account. The client died on June 18, 1982 and two days later Attorney Staton, without the knowledge or consent of any person then responsible for the client's estate, withdrew $5478.21 from his trust account as payment for his fees in the matter.

The estate then filed a claim against Attorney Staton for the return of the withdrawn funds. The court held that the removal of the funds had been without legal authority, that Attorney Staton should have filed a claim for fees in the estate and that his failure to have done so prevented the court from properly compensating him from the estate for his representation of the client in the action. The court ordered Attorney Staton to return the funds to the estate, together with interest from the date of withdrawal.

In a second matter, Attorney Staton had drafted a will for Krause, which was executed on December 15, 1969, leaving the client's entire estate to the stepson. After Krause had moved from the stepson's home, he had a number of conversations with Attorney Staton concerning the preparation of a new will. On more than one occasion, he told Attorney Staton that he wanted to leave something to him, and Attorney Staton suggested that he leave something to a friend of Attorney Staton, who needed the money more than he did. This friend was not related to Krause. Attorney Staton also recommended to Krause that he contact an attorney friend of his about drafting a new

will, but Krause never did so, even though he knew he was dying.

Attorney Staton gave Krause some pre-printed will forms, suggested some language to be filled in and explained to him how to execute a will. On June 1, 1982 Krause drafted and executed a new will, leaving a $1,000 bequest to each of his ten nieces and nephews, $5,000 to a friend and the remainder of his estate to Attorney Staton's friend. The will stated, in part, "I would have preferred to leave [the remainder] to Wayne [Staton], but he said he would rather that I left something to [his friend]." The will also attempted to make that friend, rather than Krause's stepson, the beneficiary of four life insurance policies owned by Krause. The stepson contested the 1982 will on the grounds of undue influence and, following trial, that will was set aside and the 1969 will was admitted to probate.

A third matter concerned Krause's personal property following his death. When he died, almost all of Krause's personal property, including a new automobile, was located at the apartment building owned and occupied by Attorney Staton. Attorney Staton acted as attorney for the Krause estate from September, 1982 until November 22, 1982, and he kept Krause's property at that building until January or February of 1984 when he moved it to other locations. The trust company subsequently appointed special administrator for the estate asked Attorney Staton in March of 1985 to turn over the personal property. Attorney Staton refused to do so, and the trust company brought a motion to compel him to do so.

At a hearing on April 23, 1985, Attorney Staton agreed to turn over the personal property by April 25, but he later refused to do so. The special administra-

tor then brought a contempt motion, which was scheduled for hearing on May 10, 1985. Although Attorney Staton had been subpoenaed on May 3, 1985 to appear at that hearing and knew then that he had another hearing scheduled for May 10, on the day before the hearing he delivered a letter to the court asking for a postponement on the ground that it conflicted with a previously scheduled hearing.

The court denied Attorney Staton's request for a postponement and, when he failed to appear at the hearing, held him in contempt and issued a bench warrant. Attorney Staton subsequently filed a request to the trial judge to issue an *ex parte* order lifting the warrant and also filed a motion for a hearing on the matter, but he did not give notice of those motions to opposing counsel. The court refused to lift the warrant and denied his motion for hearing.

As of September 9, 1985, Attorney Staton had not turned over all of Krause's personal property to the special administrator, and another motion to compel him to do so was filed. The court found that when Krause's automobile was entrusted to Staton, the odometer registered less than 2,000 miles, but when it was finally turned over to the special administrator, the odometer showed more than 8,000 miles. The court concluded that Attorney Staton had misused the automobile while probate proceedings were pending.

On the basis of these facts, the referee concluded that Attorney Staton's withdrawal of funds from his trust account as legal fees without notice to the deceased client's estate or the consent of the personal representative, violated SCR 20.50(1). The referee also concluded the following: Attorney Staton's failure to make a complete record of his deceased client's personal property, his failure to make a record of the

483

location of the property and his failure to render an appropriate accounting to the special administrator when asked to do so violated SCR 20.50(2)(c); his failure to promptly deliver the property to the special administrator when requested to do so violated SCR 20.50(2)(d); his advising Krause to make a bequest to his friend, providing the client with will forms, suggesting possible language and instructing him on the proper execution of the will violated professional standards set forth in *State v. Beaudry,* 53 Wis. 2d 148, 191 N.W.2d 842 (1971), and thus violated SCR 21.05; his failure to comply with the court's orders directing him to turn over the decedent's personal property and his contempt of the court's order violated SCR 40.13.

We adopt the referee's findings of fact and conclusions of law and we agree that a three-month suspension of Attorney Staton's license to practice law in Wisconsin is appropriate discipline for his misconduct in these matters. We also determine it appropriate that Attorney Staton be required to pay the costs of this proceeding.

IT IS ORDERED that the license of Attorney Wayne J. Staton to practice law in Wisconsin is suspended for a period of three months, effective June 15, 1987.

IT IS FURTHER ORDERED that within 120 days of the date of this order Wayne J. Staton pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing of his inability to pay the costs within the time specified, the license of Wayne J. Staton to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Wayne J. Staton comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.